UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE GRAY INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 12 C 8273 |
| | ) | |
| G.G. CONNECTIONS, INC., GERMAN E. GOMEZ and NORMA L. GOMEZ, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

Before the Court is Plaintiff The Gray Insurance Company's ("Gray") unopposed motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the following reasons, Gray's motion is granted in part and denied in part.

## BACKGROUND

According to Northern District of Illinois Local Rule 56.1, "all material facts set forth in the statement required of the moving party [for summary judgment] will be deemed to be admitted unless controverted by the statement of the opposing party." The Defendants G.G. Connections, Inc. ("G.G. Connections"), German Gomez and Norma Gomez (collectively "Defendants") have not opposed Gray's motion or filed a response to Gray's statement of material facts. Therefore, all facts in Gray's statement of material facts are deemed to be admitted for the purposes of this motion. L.R. 56.1;

*Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394, 398 (7th Cir. 2012) (stating "[t]he obligation set forth in Local Rule 56.1 is not a mere formality," and that "[i]t follows from the obligation imposed by Fed. R. Civ. P. 56(e) on the party opposing summary judgment to identify specific facts that establish a genuine issue for trial.").

G.G. Connections performed asphalt paving and other material service work on an Illinois public construction project for the Northeast Illinois Regional Commuter Railroad Corporation ("Project"). In compliance with the Illinois Bond Act, 30 ILCS 550/1, *et seq.*, G.G. Connections obtained Bond Number GSM26034 (the "Bond") from Gray to guarantee the completion of its work on the Project and the payment of its laborers and material suppliers. In connection with the issuance of the Bond, on June 3, 2011, the Defendants entered into an Agreement of Indemnity ("Indemnity Agreement") which obligated the Defendants to indemnify Gray for all losses incurred for claims brought against the Bond including costs, expenses, expert fees and attorneys' fees.

As of October 10, 2012, Gray paid five claims asserted against the Bond and had incurred losses in connection with the Bond totaling $117, 867.02 plus attorneys' fees, costs and expenses. On July 25, 2012 Gray made a written demand to the Defendants for the reimbursement of the funds that Gray paid out to the five Bond claimants. The Defendants never responded to Gray's written demand. On October 15, 2012, Gray filed a two-count complaint alleging breach of contract against all Defendants (Count

I); and common law reimbursement against only G.G. Connections (Count II). On November 15, 2012, German Gomez filed a pro se appearance and answer to Gray's Complaint. The handwritten answer contains one sentence and refers to G.G. Connections' forfeiture of the Project which would nullify Gray's need to pay the Bond. German Gomez's one sentence answer was the only material submitted to the Court throughout the course of the suit. Gray moved for summary judgment under Federal Rule of Civil Procedure 56 on January 29, 2013 on both counts.

## LEGAL STANDARD

Summary judgment is appropriate when the pleadings, discovery, disclosures, and affidavits establish that there is no genuine issue of material fact, such that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Winsley v. Cook Cnty.*, 563 F.3d 598, 602-03 (7th Cir. 2009). The moving party bears the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the non-moving party to show through specific evidence that a triable issue of fact remains on issues on which the non-movant bears the burden of proof at trial. *Id.* The non-movant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with proper documentary evidence. *Id.* In considering a motion for summary judgment, a court construes all

facts and draws all reasonable inferences in favor of the non-moving party. *Smith v. Hope Sch.*, 560 F.3d 694, 699 (7th Cir. 2009).

## DISCUSSION

### I. Breach of Contract

#### A. Choice of Law

Gray argues that the Defendants materially breached the provisions of the June 2011 Indemnity Agreement by failing to reimburse Gray for costs expended settling claims that were made pursuant to the Bond. As a threshold matter, the Court must determine whether Louisiana or Illinois law applies. Gray, a Louisiana company, filed suit against the Defendants, citizens of Illinois, by invoking Diversity Jurisdiction. 28 U.S.C. § 1332. Under the *Erie* doctrine, state law controls substantive decisions in diversity cases. *Houben v. Telular Corp.*, 309 F.3d 1028, 1032 (7th Cir. 2002). Gray does not specify in its complaint or motion for summary judgment which state's contract law they seek to utilize to establish their breach of contract claim.

The Indemnity Agreement does not contain a choice-of-law provision. Federal courts sitting in diversity apply the choice-of-law rules of the forum state to determine the applicable substantive law. *Jupiter Aluminum Corp. v. Home Ins. Co.*, 225 F.3d 868, 873 (7th Cir. 2000). Illinois has adopted the "most significant contacts" test proffered by the Restatement (Second) of Conflicts § 188 (1971) in determining choice-

of-law disputes with respect to contractual issues. *Ruiz v. Blentech Corp.*, 89 F.3d 320, 323-24 (7th Cir. 1996). Under this test, "the contacts relevant to the choice-of-law decision include the place of contracting, negotiation, performance, location of the subject matter of the contract and the domicile, residence, place of incorporation and business of the parties." *Wildey v. Springs*, 47 F.3d 1475, 1483 (7th Cir. 1995).

The most significant contacts test strongly favors applying Illinois law to this dispute. The parties entered into the Indemnity Agreement in Illinois. The claims made on the Bond originated because of G.G. Connections performance on the Project in Illinois. Moreover, the subject matter of the Indemnity Agreement was located in Illinois. Gray issued the Bond for a construction project being performed by G.G. Connections in Illinois. While the Defendants reside in Illinois and Gray in Louisiana, the domicile factor is neutral. In light of these factors Illinois law controls this case.

### B. Breach of Contract Claim

In Illinois, indemnity agreements are construed like any other contract, necessitating the need for courts to give effect to the intentions of the parties. *See Mountbatten Surety Co. v. Szabo Contracting, Inc.*, 812 N.E.2d 90, 100 (2nd Dist. 2004). In order to discern the intent of the parties, a court will look to the language in the contract. *See Central Illinois Light Co. v. Home Insurance Co.,* 821 N.E.2d 206, 213

(2004). The language in the contract is to be given its plain and ordinary meaning unless it is deemed ambiguous. *Id.*

To prove a breach of contract, Gray must establish that: 1) a valid and enforceable contract existed; 2) Gray performed all required conditions; 3) the Defendants breached a provision of the contact; and 4) Gray suffered damages as a result of the Defendants breach. *Burrell v. City of Mattoon*, 378 F.3d 642, 651 (7th Cir. 2004) (applying Illinois law).

**1. Validity of the Contract**

On June 3, 2011 the Defendants entered into the Indemnity Agreement with Gray. The notarized Indemnity Agreement is signed by German Gomez, acting as the President of G.G. Connections, and Norma Gomez. In the absence of a contested issue concerning the validity of the contract, the Court finds that the Indemnity Agreement is a valid contract.

**2. Gray's Performance**

The evidence contains numerous instances of Gray's compliance with the various provisions of the Indemnity Agreement, mainly evidenced by Gray's payment of the five claims made on the Bond. The Court finds that Gray has established that it has performed under the provisions of the contract.

### 3. The Defendants' Breach

The Indemnity Agreement establishes that the Defendants agreed to indemnify Gray for all losses incurred under the Bond including costs, expenses, expert fees and attorney fees. Gray established that they suffered losses after settling the Defendants' bond claims. Gray paid the five claims on the Bond totaling $117,867.02. The Indemnity Agreement's clearly establishes the Defendants' obligation to repay Gray. On July 25, 2012, Gray presented the Defendants with a written demand for the reimbursement of funds. The Defendants never responded to Gray's demand. The Defendants have not paid Gray back the funds that were expended pursuant to the claims made on the Bond.

### 4. Gray Suffered Damages

The evidence indicates that Gray has incurred losses in connection with the Bond totaling $117, 867.02 plus attorneys' fees, costs and expenses. Gray has established that they suffered damages.

Gray has sufficiently demonstrated that the Defendants have breached the terms of the Indemnity Agreement and are entitled to judgment in their favor. The normal remedy for a breach of contract is an award of damages. *Miller v. LeSea Broadcasting, Inc.*, 87 F.3d 224, 230 (7th Cir. 1996). Accordingly, G.G. Connections, German Gomez and Norma Gomez are jointly and severally liable to Gray for the sum of $117, 867.02,

plus attorneys' fees, costs and expenses. The Court grants summary judgment for Gray on their breach of contract claim.

**II. Common Law Reimbursement**

Gray brings a separate common law reimbursement claim solely against G.G. Connections. Gray contends that they are secondarily liable for any claims made against the Bond and G.G. Connections, as the party which is primarily liable, owes a duty to reimburse Gray. Gray has not provided any legal authority to support its argument concerning the requirements of a reimbursement claim or the need for separate reimbursement claim in light of the ruling in Count I. Absent the proper authority the Court denies summary judgment of Count II.

## CONCLUSION

For the aforementioned reasons, Gray's motion for summary judgment is granted in part and denied in part.

_____
Charles P. Kocoras
United States District Judge

Dated:   March 27, 2013